IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HOFFMAN and TAMMY HOFFMAN, ) | | |
| Plaintiffs, ) | | |
| v. ) | No. | 06 C 6783 |
| ) | | |
| GOTCHER & BELOTE and JEFF BELOTE, ) | Judge Lefkow | |
| Defendants. ) | | |

### DEFENDANTS' MOTION TO BAR SUPPLEMENTAL REPORT OF DR. CHARLES FLETCHER AND FUNCTIONAL CAPACITY EVALUATION OF PLAINTIFF

NOW COME the Defendants, GOTCHER & BELOTE and JEFF BELOTE, by and through counsel, KONICEK & DILLON, P.C., and for their Motion to Bar Supplemental Report of Dr. Charles Fletcher and Functional Capacity Evaluation of Plaintiff, state as follows:

1. Dr. Charles Fletcher, MD, an occupational medicine physician, has been hired by Plaintiffs to testify to the effect David Hoffman's injuries have had on his ability to work.

2. Plaintiffs submitted a narrative summary and report by Dr. Fletcher on <u>June 30, 2008</u>, expressing Dr. Fletcher's opinions in detail after his evaluation of all medical and surgical records of David Hoffman. Plaintiff had surgery to repair a fracture of his right femur after being injured in a traffic collision. (See attached Rule 26(a)(2) disclosure, Exhibit "A").

3. On <u>October 9, 2008</u>, Defendants deposed Dr. Fletcher. During the deposition, it was established that Plaintiff's expert gave a clinical impression on Hoffman's condition based on his review of the records, but had failed to give an opinion on his present condition, despite claiming to do so in his disclosure, attached as Exhibit A. (See attached deposition transcript of David Fletcher, Exhibit "B", pgs. 4—9).

4. During the deposition, Dr. Fletcher stated that Hoffman should have a Functional Capacity Evaluation, or FCE, performed in order for him to give an analysis and opinion on the patient's ability or inability to work based a reasonable degree of medical certainty. (See Exhibit "B", page 55, lines 11-24).

5. However, an FCE had not been performed on Plaintiff Hoffman and, therefore, Fletcher could not testify to a reasonable degree of medical certainty about the Plaintiff's ability or inability to work. (See Exhibit "B", page 56, lines 10-14).

6. On <u>February 16, 2009</u>, Plaintiff filed a supplemental report by Dr. Fletcher, summarizing the FCE performed on David Hoffman by Karen Caraway, an exercise physiologist at the *Safeworks Illinois Return to Work Center*. The FCE of David Hoffman was performed on <u>January 16, 2009</u>. The FCE was disclosed to Defendants on <u>February 23, 2009</u>. (Plaintiff's FCE attached as Exhibit "C").

7. Pursuant to this Court's Order of September 25, 2008, Judge Lefkow ordered **all discovery to be closed by <u>November 26, 2008</u>**. (Please see attached Order, Exhibit "D".)

8. Defendants move to bar both the supplemental report of Dr. David Fletcher and the Functional Capacity Evaluation of Karen Caraway based on Plaintiff's failure to observe the November 26th discovery deadline imposed by this Court.

9. The belated disclosure unfairly prejudices defendants. Defendants prepared their defense and strategy premised on timely-disclosed opinions. Trial in this case is scheduled for April 27, 2009. Defendant does not have time to secure the material generated by the new reports and obtain an expert to review and analyze the data.

10. More significantly, before his report and deposition, Dr. Fletcher had not had the benefit of an FCE – thus, subjecting his opinions to cross examination and criticism. Only after his deposition did the Plaintiff realize the flaw and now, two months before trial, they want to ameliorate their mistake.

11. This tactic is contrary to the Federal Rules of Civil Procedure and case law. Rule 26 establishes that in instances where there has been an attempt, by either party, to supplement the record after the close of discovery, it will be not be allowed by the Court. Rule 26(a)(2)(B) provides that disclosure of the identity of a witness who will provide expert testimony "shall ... be accompanied by a written report ... contain[ing] a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions [and] any exhibits to be used as a summary of or support for the opinions." Fed. Rules Civ. Proc. Rule 26(a)(2)(B), 28 U.S.C.A.

12. Rule 26 thus gives the opposing party "a right to know the conclusion of a particular expert witness" with respect to a particular issue. *Salgado by Salgado v. Gen. Motors. Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Expert reports must disclose how and why an expert reached conclusions presented, and not merely the result. *Salgado*, 150 F.3d at 741.

13. The Seventh Circuit's decision in *Salgado by Salgado* is applicable to the instant case. Plaintiff Samantha Galgado, a minor injured in an automobile accident filed suit against the manufacturer of the automobile, General Motors. The district court held that Salgado failed to comply with the court's deadline for the submission of reports of expert witnesses and therefore barred the testimony of those witnesses at trial. *Id.* at 737. The Court's primary rationale for excluding untimely expert opinions was to avoid an unfair "ambush" in which a

3

party advances new theories or evidence to which its opponent has insufficient time to formulate a response. *Id.; see also Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230-31 (7th Cir. 1996) (experts' new charts "disclosed only a few days before the start of the trial would have placed on [the opponent] a heavy burden of meeting the new evidence at trial with its own experts' analysis").

14. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefore." Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates by the Court.

15. Based on the case law and advisory notes detailed above, we ask that this Court acknowledge the November 26, 2008 discovery cutoff date and bar the admission of Plaintiff's supplemental reports.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order barring both the supplemental report of Dr. David Fletcher, as well as the Functional Capacity Evaluation of Karen Caraway, based on Plaintiff's failure to heed the discovery deadline of November 26, 2008.

Respectfully submitted,

_____
Attorney for Defendants

Daniel F. Konicek (6205408)
James P. Lynch (6294439)
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL 60134
630.262.9655
JPL/DFK/cfg (Motion to Bar Expert Fletcher)

5