IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HOFFMAN and TAMMY HOFFMAN, ) | | |
| Plaintiffs, ) | | |
| v. ) | No. | 06 C 6783 |
| ) | | |
| GOTCHER & BELOTE and JEFF BELOTE, ) | Judge Lefkow | |
| Defendants. ) | | |

**DEFENDANTS' SUPPLEMENTAL BRIEF TO EXCULE EVIDENCE THAT BELOTE WAS ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW AND EXCLUDE A FINDING THAT BELOTE WAS ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW**

Defendants, GOTCHER & BELOTE and JEFF BELOTE (collectively "Belote"), by their attorneys, DANIEL F. KONICEK and AMIR R. TAHMASSEBI submit the following supplemental brief regarding the exclusion of evidence or a Court finding that Belote engaged in the unauthorized practice of law.

INTRODUCTION

The term "practice of law" defies mechanistic formulation. *In re Francis M. Discipio*, 163 Ill. 2d 515, 523 (1995). This Court has invited additional briefing on the issue of whether any evidence regarding the unauthorized practice of law should be admitted. Belote requests this Court exclude any evidence that he was engaged in the unauthorized practice of law. Similarly, a judicial determination that Belote engaged in the unauthorized practice of law should not be made.

To begin, there is no admissible evidence, certainly no expert testimony that Belote engaged in the unauthorized practice of law. Second, even if the evidence were present, it would not assist in the jury in determining whether the Hoffmans' have proved their case. It will,

however, unfairly prejudice Belote. Third, Illinois no longer recognizes a private right of action under the Attorney Act for damages caused by the unauthorized practice of law. Evidence of any alleged unauthorized practice by Belote would allow plaintiff to improperly seek compensatory damages under the Attorney Act. Finally, a finding that Belote has engaged in the unauthorized practice of law would require proof of beyond a reasonable doubt in a contempt proceeding or clear and convincing evidence in any disciplinary proceeding. Any alleged unauthorized practice of law should be addressed in separate proceeding.

## ARGUMENT

**I. There is no evidence that Belote engaged in the unauthorized practice of law.**

**A. Hornewer testified that Belote was not prohibited by the professional rules of conduct from representing the Hoffmans and settling case.**

Plaintiffs' own "legal expert," Hornewer opined that the neither the Rules of Professional Conduct in Illinois or Oklahoma prohibited Belote from representing the Hoffman's, or settling their case. Hornewer opined that neither the Illinois nor Oklahoma Rules of Professional Conduct prohibited Belote from representing the Hoffmans and settling their case. Hornewer testified:

> Q: Just so my question is clear, do you believe the Rules of Professional Conduct under either Oklahoma or Illinois prohibited Mr. Belote from representing the Hoffmans and settling their case?
>
> A: No.

(Ex. A, pg. 26, l. 14-19).

Plaintiff's trial brief submitted to the Court references a violation of Illinois Rule of Professional Conduct 5.5. Hornewer does not opine that Belote violated Rule 5.5. Furthermore, Hornewer does not believe Belote's representation of the Hoffmans was prohibited in Illinois. (Ex. A, pg 26). Thus, plaintiff has presented no competent evidence that Belote was engaged in the unauthorized practice of law.

Plaintiffs have now waived their opportunity to present evidence on any alleged unauthorized practice of law. This new alleged violation was first raised just weeks before trial. Moreover, if plaintiffs believed that Belote was engaged in the unauthorized practice of law, they should have sought to vacate the settlement. From the start of Belote's representation, he acknowledged he was an Oklahoma attorney. Indeed these type of eleventh hour tactics should not be encouraged by this Court. Thus, this Court should exclude any evidence that Belote engaged in the unauthorized practice of law as plaintiffs have waived the opportunity to present this evidence and legal theory.

**B. Hoffman made the decision to have Belote represent him after interviewing Illinois attorneys.**

The Hoffmans' informed decision to hire an Oklahoma attorney supports a finding that Belote was not engaged in the unauthorized practice of law. This Court previously examined *Colmar v. Fremantlemedia North America* and it applicability to Belote's actions. 344 Ill.App. 3d 977 (1st Dist. 2003). *Colmar* does not give a bright lined rule that can be applied to this case to determine whether Belote engaged in the unauthorized practice of law. This Court cited to propose ABA Rule 5.5 of the *Colmar* case and referenced the Restatement for guidance. Specifically, subsection (3) would be the applicable section to Belote. Subsection (3) of Rule 5.5

allows an attorney to provide services in another jurisdiction for the purposes of a mediation if, "the services are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires admission pro hac vice." *Id*. at 987.

There is no dispute that Belote did not need to seek admission *pro hac vice*. So this Court questioned whether Belote's representation was reasonably related to his practice in Oklahoma. Belote is a litigator with extensive personal injury experience. More important, Hoffman made the decision to hire Belote after interviewing other Illinois attorneys. (Ex. B, pg. 8, 11). Hoffman hiring Belote is significant because he chose to associate with an attorney who he knew practiced in the area of personal injury. Hoffmans case is related to Belote's work as a personal injury lawyer and Belote's. Thus, Section 3, of proposed Rule 5.5 could apply to Belote's action.

Admittedly, Hoffman chose Belote to represent him because he thought he would provide the best representation. *Id*. Belote never hid the fact he was an Oklahoma attorney. He did not represent he had offices in Illinois. Mandating Belote's work in Illinois was the unauthorized practice of law defeats the policy arguments in *Colmar* to encourage pre-litigation resolution. Significantly, the Hoffmans' case was not yet filed when Belote appeared for the mediation. Former Judge O'Connell received a mediation statement directly from Belote's office in Oklahoma. The mediation was not cancelled. Neither Judge O'Connell nor the defense attorney for Schniedner National filed an action with the ARDC against Belote.

Moreover, making a finding Belote's conduct was the unauthorized practice of law will prompt questions as to whether an out-of-state attorney can negotiate the settlement of an potential Illinois claim, prior to filing. This broadens what constitutes the unauthorized practice

4

of law far beyond the Supreme Court mandates. For these reasons, this Court should mandate Belote was **not** engaged in the unauthorized practice of law.

### II. Evidence that Belote was engaged in the unauthorized practice of law is not relevant to prove plaintiffs' case.[1]

To prevail on a claim for legal malpractice, the client must plead and prove (1) that the defendant attorney owed the plaintiff client a duty of care arising from the attorney-client relationship; (2) that the defendant attorney breached that duty; and (3) that as a proximate result, the plaintiff client suffered injury. *Northern Illinois Emergency Physicians v. Landau, Omahna & Kopka, Ltd.*, 216 Ill.2d 294, 306 (2005).

Evidence that Belote was engaged in the unauthorized practice of law does not prove or disprove any element of the case for malpractice. The defendants are not requesting this Court exclude evidence that Belote was not licensed to practice in Illinois; but rather, exclude evidence that Belote's representation of Hoffman was the unauthorized practice of law. Even if evidence existed to support the assertion Belote engaged in the unauthorized practice of law, it would not assist the trier of fact in determining the consequential facts to the Hoffmans' case. Fed. Rule of Evid. 401; Fed Rule of Evid. 402.

### A. Evidence that Belote engaged in the unauthorized practice of law does not establish a breach of the standard of care.

Evidence that Belote was engaged in the unauthorized practice of law does not establish a breach of the standard of care and, therefore, is not relevant to proving plaintiff's case. The standard of care is what reasonably careful lawyer practicing in the same or similar localities would do. *See* Illinois Pattern Jury Instruction 105.1 (2008). An attorney's negligence and

---

[1] This argument is made in the alternative is this Court determines that Belote's mere representation of an Illinois litigant or participation in a mediation in Illinois is evidence of the unauthorized practice of law.

5

deviation from the standard of care must generally be established through expert testimony. *Barth v. Reagan*, 139 Ill.2d 399, 407 (1990).

The relevant evidence is whether there was a deviation from the standard of care -- **not the unauthorized practice of law**. *Id.* at 407. Hornewer has offered testimony of the standard of care and Belote's alleged breach. But there is no testimony that Belote's representation and participation in the mediation was the unauthorized practice of law. And, more important, this testimony would not assist the jury in determining whether Belote violated the standard of care. Instead, the only purpose for introducing such evidence would be to prejudice the jury without establishing a breach of the standard of care. Fed. Rule of Evid. 403.

### B. The unauthorized practice of law must have proximately caused damage.

Moreover, there is no relationship between the purported unauthorized practice of law, and that it caused any actual damages.[2] Hornewer does not opine that his failure to be licensed in Illinois caused damage. But rather that Belote's *failure to retain Illinois counsel* "caused the Hoffmans to be damaged in that they did not have the option to file their action in Illinois or try their case to verdict in Illinois." (Ex. D, pg. 4)[Emphasis Added]. Thus, plaintiff has offered no causal link as to how any alleged unauthorized practice of law resulted in damages. *See Owens v. McDermott, Will & Emery*, 316 Ill. App.3d 340, 353 (finding a mere breach of the rules of professional conduct does not give rise to damages).[3]

---

[2] Defendants continue to assert there was no unauthorized practice or other ethical violations on the part of Belote.
[3] Had Belote filed an action in Illinois that was later dismissed as a nullity or the judgment declared void, the unauthorized practice of law would certainly be relevant. Here Belote was prepared to have the case filed by an Illinois lawyer. (Ex. C, pg. 3).

In *Owens*, the plaintiff sued the defendants for breach of fiduciary duty. *Owens*, 316 Ill. App.3d 340, 353. The defendants represented the plaintiff in his divorce action and subsequently represented the plaintiff's former company. *Id*. at 352. Owens' claim for damages alleged that he was denied the opportunity to exercise his right of first refusal when defendants assisted his former company in removing a stock restriction from his ex-wife's stock certificates. *Id*. at 353. Owens sought disgorgement of all fees earned by the defendant during their representation of both him and his former company. *Id*. However, Owens ability to exercise his right of first refusal was a right he contracted away in a Voting Agreement long before the defendants took action to remove the restrictive legend from the stock of Owens' ex-wife. *Id*. The court suggested that the defendants may have violated Rule 1.9. *Id*. But the violation did not prohibit him from exercising his right of first refusal in purchasing his ex-wife's stock – his decision to sign the Voting Agreement did. Thus, the violation of Rule 1.9 did not proximately cause any damage to Owens and the claim was dismissed. *Id*.

Here plaintiffs have presented no evidence to support their new theory that Belote's alleged engagement in the unauthorized practice of law has any proximate link to actual damage.[4] In fact, Hornewer acknowledges (and exhibits illustrate) that Belote had engaged Corboy & Demetrio to file the lawsuit on behalf of the Hoffmans. (Ex. C, pg 3). Consequently, the case would have been filed by an Illinois attorney, and Belote not being licensed in Illinois, would have no effect on the outcome of the Hoffmans underlying claim. Since there is no causal link to damages, evidence of the unauthorized practice of law should be excluded.

**III. Illinois no longer recognizes a private right of action under the Attorney Act for**

---

[4] Belote also maintains that any alleged violation of the Rules of Professional Conduct also hold no proximate link to damages.

**damages caused by the unauthorized practice of law.**

Plaintiff has filed a claim for legal malpractice – not a claim for damages resulting from the unauthorized practice of law. This is likely because Illinois no longer recognizes a private action for the unauthorized practice under the Attorney Act. *King v. First Capital Financial Services*, 215 Ill.2d 1, 27 (2005). In *King*, the Supreme Court determined that the Attorney Act does not provide for any other remedy for violation of the statute. *Id*. at 27. The Court went on to say that the Attorney Act also says that the contempt remedy is "in addition to other remedies permitted by law." *Id*. The court did note that the contempt remedy does not foreclose other remedies provided by common law, but those remedies cannot be brought under the Attorney Act, as there is no private right for damages. *Id*.

The Hoffmans' are seeking a remedy in the nature of a legal malpractice claim. Allowing evidence or a Court declaration that Belote engaged in the unauthorized practice of law would be equivalent to a private action seeking damages for the unauthorized practice of law. Notably, in *Colmar*, the plaintiff sought a remedy in which it was necessary to show a violation of the Attorney Act to vacate the arbitration award. The Hoffmans are not attempting to vacate the settlement- nor have they ever. Proving a violation of the Attorney Act will in no way assist the jury in their determination of facts consequential to proving this action.

### IV. A judicial determination that Belote engaged in the unauthorized practice of law violates Belote's due process rights.

The standard of proof to accuse Belote of the unauthorized practice of law is beyond a reasonable doubt in a contempt proceeding and clear and convincing evidence in a disciplinary proceeding. *People ex re. The Chicago Bar Association*, 21 Ill.2d 407, 412 (1961). The case before

this Court is not either one. It would be a violation of Belote's Fourteenth Amendment protection under the Illinois and United States Constitution to make a determination as to whether Belote was engaged in the unauthorized practice of law. At minimum, he is entitled to an evidentiary hearing. *Id.*

## CONCLUSION

**WHEREFORE**, the Defendants request that this Court enter an Order barring the Plaintiffs, Plaintiffs' attorneys and from introducing or attempting to introduce into evidence or argument, directly or indirectly, that Belote engaged in the unauthorized practice of law.

Respectfully submitted,

_____
Attorney for Defendants

Daniel F. Konicek
Attorney No. 6205408
Amir R. Tahmassebi
Attorney No. 6287787
KONICEK & DILLON, P.C.
21 West State Street
Geneva, IL 60134
(630) 262-9655

9