# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAVID HOFFMAN and TAMMY HOFFMAN,

    Plaintiffs,

     v.

GOTCHER & BELOTE and JEFF BELOTE,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. 06 C 6783

Jeffrey T. Gilbert
Magistrate Judge

## MEMORANDUM OPINION AND ORDER

This is a legal malpractice claim arising out of defendants' representation of plaintiffs in an underlying personal injury case. Plaintiff David Hoffman was injured in a trucking accident when a tractor trailer truck crossed a highway median and collided with the truck in which he was a passenger. Mr. Hoffman and his wife hired defendant Jeff Belote to represent them in an action against William Gilbert, who was the driver of the vehicle that collided with the one in which Hoffman was riding, and the trucking company that employed Mr. Gilbert, Schneider International Trucking Carriers Inc. Mr. Hoffman and his wife settled their underlying personal injury claims against Schneider National prior to the filing of a lawsuit. More than a year and a half after that settlement, the Hoffmans filed this legal malpractice action against Belote alleging that the settlement with Schneider National was inadequate and that Belote's representation in that matter was negligent. This matter is now before the Court on the parties' motions for summary judgment. For all of the reasons set forth below, both motions are denied.

## BACKGROUND

Plaintiffs David and Tammy Hoffman ("Plaintiffs") filed a single count complaint against

defendants Gotcher & Belote and Jeff Belote (collectively referred to as "Belote") for

professional negligence. Jeff Belote is an attorney at Gotcher & Belote, a law firm located in

McAlester, Oklahoma, and is licensed to practice law in Oklahoma, but not in Illinois. Plaintiffs

hired Belote to represent them in connection with a personal injury claim that stemmed from a

trucking accident in which Mr. Hoffman was injured. The accident occurred on April 29, 2003

in LaSalle County, Illinois. At the time of the accident, Mr. Hoffman was a passenger in a tractor

trailer driven by Gary Head. Both Misters Hoffman and Head were employed by MacLane

Midwest Trucking Company. Another tractor trailer driven by William Gilbert, who was

employed by Schneider National, crossed the median and collided with their vehicle. As a result

of his injuries, Mr. Hoffman claims he was permanently disabled, unable to practice his usual

occupation at the age of 36 and lost wages of approximately $70,000 per year.

On or about May 20, 2003, Plaintiffs retained Belote on a contingent fee basis to

represent them in their claims against Schneider National and Mr. Gilbert. On February 1, 2005,

Belote and Plaintiffs participated in an unsuccessful mediation in Chicago with Schneider

National. The parties, however, continued to discuss settlement. On March 30, 2005, Belote met

with Plaintiffs and advised them of a settlement offer from Schneider, which Belote

recommended that his clients accept. On or about April 12, 2005, Plaintiffs settled their claims

against and Schneider National and Mr. Gilbert for $753,000 in addition to the assumption of

Mr. Hoffman's medical and worker's compensation liens, which as of January 24, 2005 totaled

$161,089.18.

More than a year and a half after the settlement was consummated and Plaintiffs received their payout, they initiated this lawsuit for legal malpractice. Days before the trial was to begin in this case and after District Judge Lefkow had issued her rulings on numerous motions in limine, the trial date was vacated. Soon thereafter, the parties consented to proceed before the Magistrate Judge, and each filed a motion for summary judgment. Plaintiffs filed a motion for summary judgment seeking disgorgement of the fees they paid to Belote on the ground that Belote engaged in unethical conduct while representing them. Belote filed a motion for summary judgment on Plaintiffs' professional negligence claim.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 277, 248 (1986). When a court considers a party's motion for summary judgment, it must look at the evidence as a jury might, and construe the record in the light most favorable to the nonmoving party, "avoiding the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citations omitted).

## II. Belote's Summary Judgment Motion

This controversy hinges on the question of whether Belote was professionally negligent in his representation of Plaintiffs in the settlement of their underlying personal injury case. Plaintiffs argue that Belote was negligent because, among other things, he recommended they settle their underlying personal injury action for a lesser amount than they could have reasonably expected to recover had they been represented by counsel willing to place the case in suit who properly valued the likelihood of obtaining a monetary recovery, by settlement or otherwise, in excess of the proposed settlement if a lawsuit had been filed. Belote denies that he was negligent and contends that Plaintiffs voluntarily settled their case for a reasonable amount of money including the assumption of all of Mr. Hoffman's medical and worker's compensation liens after considering the totality of the circumstances at the time.

Under Illinois law, a party complaining of legal professional negligence or malpractice must show (1) an attorney client relationship between plaintiff and defendant; (2) a duty arising from that relationship; (3) a breach of that duty; (4) causation; and (5) actual damages. *See Griffin v. Goldenhersh*, 313 Ill. App. 3d 398, 404, 752 N.E.2d 1232, 1238 (5th Dist. 2001). Whether an attorney exercised a reasonable degree of care and skill generally is a question of fact, and the standard of care generally must be proven through expert testimony. *See Howard v. Druckemiller*, 238 Ill. App. 3d 937, 942, 611 N.E.2d 1, 4 (2d Dist. 1992).

Belote argues that the Court should enter judgment in his favor because (1) Plaintiffs have failed to present any testimony that "but for" Belote's conduct they would have received a higher settlement or verdict; (2) Plaintiffs voluntarily entered into the settlement agreement and

are estopped to bring this action; and (3) there is no evidence that Plaintiffs suffered damages as a result of Belote's alleged conduct.

As a threshold matter in Illinois, a plaintiff who settles an underlying case or claim is not automatically barred from bringing a claim for legal malpractice against the attorney who represented him in the underlying matter. *See McCarthy v. Pedersen & Houpt*, 250 Ill. App. 3d 166, 621 N.E.2d 97 (1st Dist. 1993). Illinois courts recognize that a lawyer may be held liable for negligence in the handling of a case that ultimately was settled by the client whether based on deficiencies in preparation that prejudiced the case or a negligent evaluation of the case that caused an inadequate settlement. *See Merritt v. Goldenberg P.C.*, 362 Ill. App. 3d 902, 909, 841 N.E.2d 1003 (5th Dist. 2005). For the same reasons, Plaintiffs are not estopped to bring this malpractice action even though they agreed to the settlement recommended by Belote in the underlying case. Belote cites no analogous case to the contrary.

Although Plaintiffs entered into a settlement, they contend that Belote intimidated Plaintiffs into settling their personal injury claim against Schneider National. Plaintiffs testified under oath that they felt pressured into settling their claims by Belote and that they were afraid, if they did not agree to the settlement Belote was recommending, the approaching statute of limitations might expire without suit being filed and they would lose their causes of action arising from the trucking accident. *See* Pls' Memorandum of Law in Support of Motion for Summary Judgment [Dkt.#146], Ex. 1 (D. Hoffman Dep.) at 59-63; Defs' Rule 56.1(b) Resp. to Pls' Statement of Add'l Facts [Dkt.#170], Ex. B (T. Hoffman Dep.) at 26-27, 33-34. Whether Plaintiffs entered into the settlement voluntarily or were intimidated or misled is a question of fact that cannot be resolved on summary judgment on this record.

Similarly, whether Belote's alleged misconduct was the proximate cause of damage to Plaintiffs is a question that cannot be resolved on this summary judgment record. Further, contrary to Belote's contention, the Court does not read the deposition testimony of Schneider National's attorney to say that Schneider National would never have paid any more money to settle the matter as Belote argues, only that no more money was available without the filing of a lawsuit. Defs' Rule 56.1 Statement of Undisputed Facts in Support of Motion for Summary Judgment [Dkt.#152], Ex. E at 74:24–75:15; 105:13–106:19. At the very least, the cited portions of the transcript are susceptible to different interpretations.

Further, in support of their position that Belote deviated from the standard of care by recommending settlement of the underlying personal injury claim, Plaintiffs have submitted the expert report of Charles Hornewer. According to Plaintiffs, it is Mr. Hornewer's opinion that Belote deviated from the standard of care in that a reasonably competent attorney, acting under the same or similar circumstances, would not have counseled his clients to settle the matter for $753,000. Mr. Hornewer also opines that had Plaintiffs been fully informed of the risks, benefits, and alternatives to settling for $753,000, they would have chosen to file a personal injury lawsuit. He also offers an opinion that had a lawsuit been filed, it would have had a settlement value of $3 million or more.

The question of whether an attorney exercised a reasonable degree of care and skill is largely a question of fact. Belote argues that the Court should disregard Mr. Hornewer's expert opinion because it is "baseless" and lacks credibility. See Defs' Memorandum of Law in Support Motion for Summary Judgment [Dkt.#150], at 5. But, that also is not a determination we are prepared to make on this record. While the issue may be a close one, Plaintiffs have raised

enough facts material to the circumstances surrounding their acceptance of Belote's recommendation and whether Belote's actions were the proximate cause of damage to them to get to the jury.

## III. Plaintiffs' Summary Judgment Motion

Plaintiffs allege that Belote violated numerous rules of professional conduct, including engaging in the unauthorized practice of law, soliciting Plaintiffs' business, and creating a conflict of interest by helping Plaintiffs to purchase a car while representing them. Based on these alleged violations of the rules of professional conduct, Plaintiffs argue they are entitled to disgorgement of the fees they paid Belote.

Now before the Court, however, is a single count complaint for professional negligence. Plaintiffs do not particularly seek disgorgement nor do they appear to plead the elements of such a claim. Moreover, there is no private right of action for a violation of the Illinois or Oklahoma Rules of Professional Conduct. *Owens v. McDermott, Will & Emery*, 316 Ill. App. 3d 340, 353, 736 N.E.2d 145, 157 (1st Dist. 2000) ("The mere fact that an attorney may have violated professional ethics does not, in and of itself, give rise to an action for damages."); *Mahoney v. Warren*, 60 P.3d 38 (Civ. App. Div. 1 2002).

Plaintiffs' request for disgorgement under these circumstances thus finds little support, if any, in relevant case law. Plaintiffs argue that disgorgement of Belote's fees is proper relying on *Schmude v. Sheahan*, 312 F. Supp. 2d 1047 (N.D. Ill. 2004), and *In re Eastern Sugar Antitrust Litigation*, 697 F.2d 524 (3rd Cir. 1982). However, neither is factually similar to this case. In *Schmude,* three attorneys were ordered to disgorge the attorneys' fees they collected as attorneys appointed by the Circuit Cook of Cook County pursuant to fee petitions they submitted to the

Circuit Court for a case that was litigated in federal district court. 312 F. Supp. 2d at 1095. The initial case was filed in the Circuit Court of Cook County and then removed to federal court. After the case was removed, the sanctioned attorneys disobeyed orders of the federal district court and acted improperly by seeking court appointment from the Circuit Court of Cook County and later obtaining numerous awards of attorneys fees in the Circuit Court despite the district court's repeated admonitions that further litigation in the Circuit Court would be in contravention of the federal court's jurisdiction and improper. *Id.* at 1060. The district court ultimately concluded that counsel had wilfully disregarded court orders and engaged in conduct that was an affront to the United States District Court for the Northern District of Illinois and the Seventh Circuit Court of Appeals as well as principles of federalism. *Id.* at 1094-1095. The district court also found that the statements and actions of each of the attorneys involved violated their duty of candor to the court and that the sanctionable conduct was wilful and intentional. *Id.* at 1095-1096. Based on this conduct, the district court concluded that disgorgement of the improperly gained attorneys' fees would be an appropriate sanction for attorney misconduct before the tribunal. *Id.* at 1095. This case is very distinguishable from the instant case.

In *In re Eastern Sugar Antitrust Litigation*, participants in a class settlement challenged the supplemental award of attorneys' fees to lawyers who had been with the law firm employed by the plaintiff class but then, subsequent to the class settlement, had merged with the law firm that represented the defendants. 697 F. 2d at 528-529. The Third Circuit questioned whether the attorneys had violated Cannon 9 of the Code of Professional Responsibility prohibiting the appearance of impropriety by failing to disclose to the court the merger negotiations among the attorneys in the case. *Id.* at 530-531. The Third Circuit recognized that the return of fees paid for

services rendered before the date of impropriety should be reserved for cases in which the breach of professional ethics is so egregious that the need for attorney discipline and deterrence of future improprieties of such type outweighs the concern that such a remedy provides a client with a windfall and deprives an attorney of fees earned while acting ethically. *Id.* at 533. The Court, however, concluded that, because the ethical question involved in this case was one of first impression under Cannon 9 of the Code of Professional Responsibility, neither attorney discipline nor deterrence of future misconduct of this type would justify disgorgement of fees earned pursuant to ethical conduct prior to the merger negotiations. *Id.* at 534. Instead, the Third Circuit vacated a portion of the court's supplemental fee order that awarded compensation for services after June 27, 1980, which was the date that the partnership of the plaintiff class law firm voted to initiate merger negotiations with the law firm representing one of the defendants, and remanded to the district court for a determination of what, if any, sanction should be imposed for the failure to disclose the merger negotiations. Again, this case is not at all factually similar to this matter.

Further, we are cognizant that Judge Lefkow granted Belote's motion in limine to bar evidence or argument that he engaged in the unauthorized practice of law as this case was about to go to trial before her. As Judge Lefkow recognized then, "the central issue is whether or not defendants breached the standard of care arising from the attorney-client relationship. Whether or not Belote's representation of the Hoffmans and settlement of their Illinois personal injury claims constituted unauthorized practice of law has limited, if any, relevance to determining whether defendants breached the relevant standard of care, but allowing plaintiffs to present evidence and argument on this issue would create a substantial danger of unfair prejudice or jury

confusion." 6/4/2009 Order [Dkt.#129]. Plaintiffs say they are not contesting Judge Lefkow's ruling as it affects the evidence to be submitted to the jury. Plaintiffs' new theory regarding the impact of Belote's allegedly unethical conduct upon their professional malpractice claim however, fares no better in the context of Plaintiffs' claims as currently plead.

In any event, we cannot conclude as a matter of law based on the present record that Belote violated the applicable rules of profession conduct and that, even if he did, Belote's alleged conduct is the proximate cause of damage to Plaintiffs. Material fact questions exist as to whether Belote solicited Plaintiffs, whether he engaged in the unauthorized practice of law or whether he had a disabling conflict of interest. And it is unclear that Plaintiffs would be entitled to the relief they seek - disgorgement of legal fees paid to Belote as opposed to damages – even if they are right that Belote acted unethically. Therefore, Plaintiffs' motion for summary judgment also must be denied.

## CONCLUSION

For the reasons set forth in the Court's Memorandum Opinion and Order, Belote's motion for summary judgment [Dkt.#149] is denied. Plaintiffs' motion for summary judgment for disgorgement of fees [Dkt.#145] also is denied. This matter is set for status on August 17, 2010 at 1:30 p.m. in Courtroom 1386.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 4, 2010

10